**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-2149**

———————

MICHAEL J. MCGOVERN,

              Plaintiff – Appellant,

       v.

PPG INDUSTRIES, INC.,

              Defendant - Appellee.

———————

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.   Irene M. Keeley, District Judge.  (5:14-cv-00069-IMK)

———————

Submitted:  July 28, 2015          Decided:  August 12, 2015

———————

Before MOTZ, KING, and GREGORY, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Teresa C. Toriseva, Joshua D. Miller, TORISEVA LAW, Wheeling, West Virginia, for Appellant. William D. Wilmoth, STEPTOE & JOHNSON PLLC, Wheeling, West Virginia; Christopher A. Lauderman, STEPTOE & JOHNSON PLLC, Bridgeport, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael J. McGovern appeals the district court's order dismissing his personal injury complaint against PPG Industries, Inc., for failure to state a claim. McGovern claims that he suffered injury while working for PPG due to an unsafe working condition. Finding no reversible error, we affirm.

We review de novo a district court's dismissal for failure to state a claim, accepting the complaint's factual allegations as true and drawing all reasonable inferences in favor of the nonmoving party. Kensington Volunteer Fire Dep't v. Montgomery Cty., 684 F.3d 462, 467 (4th Cir. 2012); see Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, "[f]actual allegations [in the complaint] must be enough to raise a right to relief above the speculative level," with "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). Under this standard, bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

McGovern seeks recovery pursuant to West Virginia's deliberate-intent statute, W. Va. Code Ann. § 23-4-2 (LexisNexis

2

2010).* To recover from an employer under this statute, a plaintiff must prove, among other requirements, that "the specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, . . . or of a commonly accepted and well-known safety standard within the industry or business of the employer." W. Va. Code Ann. § 23-4-2(d)(2)(ii)(C). Such a statute, rule, regulation or standard must be "specifically applicable to the particular work and working condition involved, as contrasted with a statute, rule, regulation or standard generally requiring safe workplaces, equipment or working conditions." Id. The district court dismissed McGovern's complaint, finding that he failed to allege any violation of a statute, rule, regulation, or standard pursuant to § 23-4-2(d)(2)(ii)(C).

We agree with the district court that McGovern's complaint does not satisfy the requirements of the deliberate-intent statute. McGovern alleged that PPG violated W. Va. Code Ann. §§ 21-3-1, 21-3A-5 (LexisNexis 2010), but these two statutes "generally requir[e] safe workplaces, equipment or working conditions" and lie outside the scope of § 23-4-2(d)(2)(ii)(C). Because McGovern's complaint fails to plausibly allege a

---

* The statute recently was amended. See 2015 W. Va. Legis. Serv. 243. We applied the prior version of the statute to the facts of this case.

3

violation of § 23-4-2(d)(2)(ii)(C), he cannot recover from PPG for his injuries.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4